IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

TERRY WARD,                      )
                                 )
        Plaintiff,                )
                                 )
vs.                              )    Case No. 14-CV-192-FHS
                                 )
UNITED STATES,                   )
                                 )
        Defendant.                )

## OPINION AND ORDER

This matter comes before the court on Defendant's Motion for Summary Judgment (Dkt. # 28). Plaintiff filed his response on December 23, 2014 (Dkt. # 29) and the defendant filed a reply on December 31, 2014 (Dkt. # 38).

### STATEMENT OF UNDISPUTED FACTS

Plaintiff is a disabled Veteran of the United States Army who resides in Sequoyah County, Oklahoma. On August 5, 2013, Plaintiff met with Dr. J'Dene Rogers at the VA Hospital's East Behavioral Center. After meeting with Plaintiff, Dr. Rogers prepared an "Initial Assessment, Licensed Mental Health Professional Statement." This statement reflected Dr. Rogers opinion that Plaintiff, as a result of alcohol/drug dependency or mental illness, was a person requiring treatment and that emergency detention was warranted.

As a result of this initial assessment, Dr. Rogers initiated procedures that caused Plaintiff to be apprehended by the Acting Chief of Police, Tony Turner, who escorted Plaintiff from Dr.

Rogers' office to Plaintiff's vehicle. From Plaintiff's vehicle, Emergency Medical Service personnel transported Plaintiff by ambulance to the Muskogee Veterans Administration Emergency Room for treatment.

Thereafter, a "Request for Prehearing Detention" was filed with the District Court of Muskogee County, Oklahoma[1] and an "Order Directing Prehearing Detention" was entered on August 8, 2013, by a judge in the District Court of Muskogee County, Oklahoma. In issuing this order, the state court judge found "It is the opinion of the court there is probable cause to detain Respondent for the protection of Respondent or others until a hearing on the Petition in this matter." Dkt. # 28-4. This order further provided that the Plaintiff would be detained at the Department of Veterans Affairs Medical Center. *Id.*

On or about August 8, 2013, a "Petition for Involuntary Commitment" was filed against Plaintiff in the District Court of Muskogee County, State of Oklahoma and an Order was entered appointing attorney Lynn Nolen to represent the plaintiff. Plaintiff requested a jury trial in regards to the Petition for Involuntary Commitment and on August 15, 2013 a jury trial was held on said petition. After hearing the evidence, the jury returned a verdict finding the Plaintiff was "a person requiring treatment"

---

[1]While the document filed with the Court does not indicate the date this request was filed, Plaintiff admits it was filed in the District Court of Muskogee County, State of Oklahoma.

and a state court judge entered an order and judgment finding Plaintiff "is not competent to consent to or refuse treatment, and the treating physician is authorized to treat Respondent without Respondent's consent, . . . ." Dkt. # 28-8. The Order further provided "placement within the Jack C. Montgomery Veterans Affairs Medical Center or associated Department of Veterans Affairs facility is the least restrictive form of treatment practical" and ordered plaintiff be "committed to the custody of **Jack C. Montgomery Veterans Affairs Medical Center or associated Department of Veterans Affairs facility**, for care, treatment and medication, and that the treating physician is authorized to treat Respondent without Respondent's consent." *Id*. Plaintiff did not file any appeal of this order nor did he file a petition for habeas corpus. Petitioner also never filed a written request asking the treatment order be reviewed by the committing court, or a court in the county where Plaintiff was confined. Plaintiff was released from treatment at the Jack C. Montgomery Veterans Affairs Medical Center by Dr. Chelf on August 23, 2013.

## LEGAL ANALYSIS

Summary judgment is appropriate where there is no dispute of material facts and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56. When presented with a summary judgment motion, this Court must determine whether there "are any genuine factual issues that properly can be resolved only by the

3

finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). When evaluating a motion for summary judgment, this Court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.*, 858 F.2d 610, 613 (10th Cir. 1988). The party opposing summary judgment, however, "may not rest upon mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510 (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

Plaintiff's Complaint alleges a "tort claim" against the government. Basically, Plaintiff alleges the doctors, police and other staff employed by the Jack C. Montgomery VA Medical Center deprived him of his civil rights when they initiated procedures to have him committed and then kept him at the VA hospital for 19 days after his commitment. In his response, Plaintiff acknowledges Supreme Court precedent likely bars any claims challenging the state-court decision that resulted in his commitment. See, *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff claims, however, because he has pleaded statutory claims under 38 U.S.C. §7316,[2] he can

---

[2] Section 7316 provides a remedy for "malpractice and negligence suits" against the United States.

4

amend his pleadings and add a state law claim for the tort of "outrage" based upon the fact Dr. Rogers "wielded great power over [plaintiff] and her mistake caused [plaintiff] to suffer severe emotional distress." The case plaintiff cites to support his position is *Breeden v. League Services Corp.*, 575 P.2d 1374 (Okla. 1978). The facts in *Breeden* are substantially different than the ones in this case. Specifically, the *Breeden* case involved a trial court granting summary judgment in favor of defendant collection companies in a suit brought by a debtor, seeking to recover damages for mental anguish allegedly suffered as the result of harassing and threatening collection tactics used by the collection companies. While the Oklahoma Supreme Court did provide a definition for the tort of "outrage," the Court affirmed the trial court's grant of summary judgment and indicated liability will only arise 'where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*, at 1376. In so doing, the Oklahoma court indicated a court must, in the first instance, "determine whether the defendant's conduct may reasonably be regarded so extreme and outrageous as to permit recovery." *Id.*, at 1377. In this case, where the doctors acted in accordance with Oklahoma law and obtained an order to involuntarily commit the Plaintiff, this Court does not believe their conduct was outrageous

5

or extreme. Moreover, on August 20, 2014, a scheduling order was entered herein and any amended pleadings were due by September 3, 2014.

Having admitted all of the material facts set forth in the Defendant's motion for summary judgment, this Court finds Plaintiff was lawfully detained, committed and treated as allowed by the mental health laws of the State of Oklahoma. Accordingly, the Court **grants** the Defendant's Motion for Summary Judgment (Dkt. # 28) and dismisses Plaintiff's complaint.

## CONCLUSION

For the reasons stated herein, this Court **grants** the Motion for Summary Judgment (Dkt. # 28)and hereby dismisses this action against the Plaintiff with prejudice.

It is so ordered on this 7th day of January, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma